STATE OF MISSOURI
CITY OF ST. LOUIS CIRCUIT COURT

| | |
|---|---|
| **CHARDE McCOLLUM,** ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| VS. ) | |
| ) | **Jury Demand** |
| **BUSH STADIUM** , AND ) | |
| **St. Louis Cardinals, LLC**, ) | |
| Mike Ball individually and in his ) | |
| capacity as supervisor ) | |
| JoAnne Drier individually and in her ) | |
| capapcity as supervisor ) | |
| **Defendants.** ) | |

COMPLAINT AND JURY DEMAND

**STATEMENT OF CLAIM**

1. This is an action to vindicate violations of the Plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of the Defendants. This action arises out of the illegal and wrongful discharge of Miss Charde McCullum, on or about June 27, 2013. Ms. Charde McCollum was terminated from her employment based, in whole or in part, upon her race in violation of Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. Sections 200 e et seq., and the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981.

Beginning on or about April 2008, Ms. McCullum , an African-American woman, was employed by the St. Louis Cardinals, LLC and or Bush Stadium. During her tenure with this company, she performed such duties including the ushering of patrons of the Cardinals games to their seats among other customer-contact related services. She performed these

**EXHIBIT A**

duties largely without incident and to the satisfaction of her supervisors and coworkers until April of 2012.

In or around April of 2012, Ms. McCollum was assigned a new supervisor, JoAnn Drier. Ms. Drier, a white female, immediately began changing the assignments of Miss McCullum. Without substantiation, Ms Drier would begin to repeatedly accuse Miss Mccullum of tardiness. Miss McCullom began to be sighted for unwarranted "wright-ups" by Ms. Drier. These "wright-ups" were never brought to the attention of Miss McCullom nor were they preceded by the typical verbal warnings as per the express policy and procedure of her employment.

On May 10, 2013, A conference was called by a head manager, Mike Ball, in which Miss McCullom participated and Ms. Drier was expected to participate but later declined to appear. During this "conference" Mike Ball advised that the policy which he himself had adopted of allowing Miss McCullom to "clock-out" five minutes early from the normal quitting time of 10:00pm would now result in her being docked in her pay should she continue to do so. Mr. Ball had, himself, allowed this concession as he was aware of Miss McCullom's reliance on public transportation. The schedule for which required her to leave five minutes early in order to be sure to have a ride home. He indicated that this change in her working conditions after five years without incident was because JoAnn Drier was "making an issue."

On May 11, 2013, Mike Ball suspended Miss McCullom at the insistence of JoAnn Drier having filed several "write-ups" which were never substantiated nor were they brought to the attention of Miss McCullom previous to the suspension. On June 22, 2013, without substantiation, Miss McCullom was accused of sleeping while standing on her feet in the

**EXHIBIT A**

Electronically Filed - City of St. Louis - April 30, 2014 - 08:33 PM

course of her job as usher, this of course, resulting in another "write-up" by JoAnn Drier.

On June 27, 2013 Miss McCullom,. received a letter terminating her employment with the St. Louis Cardinals and Busch Stadium, citing insubordination, failing to maintain company standards with regard to personal conduct, and leaving place of work without authorization of area manager. All of the reasons cited in the letter being baseless and without substantiation, Miss McCullom was a victim of biased and discriminatory disciplinary and termination. As a result of the Defendant's unlawful and discriminatory conduct and employment practices and violations of Miss McCullom's rights protected by federal law, Miss McCullom was discharged from her employment and denied a fair appeal and hearing as guaranteed by Cardinal's stated employment practices and policies . Plaintiff now seeks injunctive relief; monetary damages; and attorney's fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.; the Civil Rights Act of 1866, as amended, 42 USC Section 1981; 42 USC Section 1981 A and $2 USC Section 1988. Miss McCullom also brings tort and contract claims under the common law of Missouri.

**PARTIES**

2.Plaintiff, Charde McCullom, an African-American, is an adult female individual and citizen of the United States who resides in the City of St. Louis. At all relevant times Miss McCullom was an employee of St. Louis Cardinals, LLC within the meaning of Title VII of the Civil Rights Act of 1964 and applicable case law.

**EXHIBIT A**

3. St. Louis Cardinals, LLC, is a corporation or similar business entity organized and existing under the laws of the state of Missouri and which regularly conducts business at Bush Stadium located in St. Louis, Missouri.

4. At all times relevant, Defendant St. Louis, Cardinals employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended , 42 USC Sections 2000e, et seq.

5. Defendant, Mike Ball, a white male, is an adult individual and citizen of the United States who upon information and belief resides in Missouri.  At  all relevant times was an employee of the St. Louis Cardinals and or Bush Stadium.

6. Defendant, JoAnn Drier, a white female, is an adult individual and citizen of the United States who upon information and belief resides in Missouri.  At all relevant times, she was an employee of the St. Louis Cardinals and or Bush Stadium.

**JURISDICTION AND VENUE**

7.  This is, in part, an action authorized and instituted pursuant to Title V11 of the Civil Rights Act of 1964, as amended, 42 USC Sections(s) 2000e et seq., the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 USC Section 1981; 42 USC Section 1981A; 42 USC Section 1988, and the common law of the State of Missouri.

8.  The jurisdiction of this may exercise jurisdiction over Plaintiff's claims arising under common law and statutes of the State of Missouri and general jurisdiction.

9. Venue is proper in the St. Louis City Circuit Court wherein all defendants regularly conduct business and where all the wrongful conduct occurred.

**EXHIBIT A**

Electronically Filed - City of St. Louis - April 30, 2014 - 08:33 PM

10. Miss McCullom has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Right Act of 1964 and with Missouri Commission on Human Rights which was jointly filed with the Equal Employment Opportunity Commission.

**FACTUAL ALLEGATIONS**

11. Plaintiff, Charde McCullom, was employed by Defendants, Bush Stadium and St. Louis Cardinals, LLC on or about April 2007.

12. At all relevant times, Defendants, St. Louis Cardinals and Bush Stadium employed in excess of fifteen employees for at least twenty calendar weeks.

13. At all times relevant, all matters regarding compensation, terms, conditions rights and privileges of Miss McCullom were governed and Controlled by either Bush Stadium or the St. Louis Cardinals, LLC.

14. Upon information and belief and at all relevant times, Defendants Ball and Drier were acting as the agents, servants, and/or employees of the co-defendants. Defendants St. Louis Cardinals, LLC and Bush Stadium is therefore liable for the acts and omissions of the individual Defendants pursuant to principals of ratification, respondeat superior, and actual and or implied agency.

15. At all relevant times, Miss McCullom performed and completely performed all of the functions, duties and responsibilities of his employment with the defendants.

16. In April of 2013 Ms. Drier began her campaign through a series of bullying and harassing incidents that ultimately lead to the illegal dismissal of Miss McCullom in that Ms. Drier:

**EXHIBIT A**

Electronically Filed - City of St. Louis - April 30, 2014 - 08:33 PM

   a. On Saturday, 27, 2013 belligerantly confronted Miss McCullom yelling at her to return to work when in fact Miss McCullom was working.  This incident took place within the earshot of Miss McCullom's coworkers, causing great embarrassment to the plaintiff.

   b. During 2013 season opening months, Drier repeatedly, verbally accosted Miss McCullom and falsely accused her of being off task while Miss McCullom was in the course of handling her duties as usher.

c.  Upon information and belief, Miss McCullom became aware that Drier had enlisted various coworkers of Miss McCullom to "spy" on her and report to Drier any supposed wrongdoings. This of course, was a source of great humiliation to Miss McCullom and caused her anxiety and emotional distress.

d.  On May 11, 2013 Miss McCullom was suspended for two days by Mike Ball arising from questionable incidents alleged by Drier involving :

   1. falsely accusing Miss McCullom of being late returning from a  break

   2. two "write-ups" for leaving five minutes earlier than the end of the shift per an arrangement which preexisted Drier's supervision.

e. Despite the existence of a well established policy in regard to employee infractions, which requires a verbal warning and/or the employee acknowledgement of written infractions , Miss McCullom was not made aware of these allegations until after they were made a permanent part of her work file and resulted in her suspension.

f. On June 22, 2013, Drier wrote another unsubstantiated allegation against Miss McCullom. Drier accused Miss McCullom of sleeping on her job as usher.

g. And also on June 22, 2013, Miss McCullom was falsely accused of leaving her shift early without permission, despite the fact that Miss McCullom had received permission to do so by

**EXHIBIT A**

the shift manager that day.  A person other than Drier.  This final write-up  would form a part of the rationale for  Miss McCullom's dismissal as usher, a position she had held more than seven years.

h.  Throughout the course of these incidents, Miss McCullom attempted to have the acrimony between she and Drier addressed.  She, also repeatedly requested to be moved from Drier's supervision. These requests were made directly to Mike Ball who was made aware of Drier's harassing and biased behavior yet failed to take appropriate steps to resolve it.

i.  Finally, on June 27, 20123 Miss McCullom, received a letter informing her that she would be terminated for :

   1. insubordination,

   2. failing to maintain company standards with regard to personal conduct

   3. leaving place of work without authorization of area manager.

j.  At a conference later held in regard to the termination, Mike Ball was unable to explain to defend with specificity the basis for Miss McCullom's dismissal.


**FIRST CAUSE OF ACTION**


**Defendants Violation of Title VII's Prohibition Against Employment Discrimination—Racial Discrimination**

17.  Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

18.  This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section

**EXHIBIT A**

1981, for relief based upon the unlawful employment practices of the above-named Defendants. Specifically, Miss McCullom complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

20. Miss McCullom is an African-American female and during her employment with Defendants Bush Stadium and or St. Louis Cardinals was a member of a protected class under Title VII against race based discrimination by her employer or its supervisory personnel.

21. At all relevant times, Miss McCullom adequately and completely performed all of the functions, duties and responsibilities of her employment.

22. As a result of Defendants' policies and practices, Miss McCullom was unjustly and discriminatorily deprived of equal employment opportunities because of race.

23. As a further result of these actions, Miss McCullom is being and will be deprived of income in the form of wages and other benefits, promotion opportunities and job assignments due to her as an employee, but denied because of race and in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Defendants' BUSH STADIUM AND ST. LOUIS CARDINALS, LLC.

### Breach of Contract and/or Promissory Estoppel

24. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

25. Defendant Bush Stadium and or St. Louis Cardinals promulgated express and written statements of employment policies, practices and procedure which it provided and disseminated to all of its employees, including Miss McCullom.

**EXHIBIT A**

Electronically Filed - City of St. Louis - April 30, 2014 - 08:33 PM

26. Defendants represented both orally and in writing, that they would treat employees in a specific, fair and equitable manner. Specifically, Defendants represented, promised and/ or implied both orally and in writing that an employee would only be discharged for cause, and after a reasonable investigation and opportunity to be heard.

27. The customary pattern and practice of Defendants was to follow its express and implied employment policies and practices.

28. Defendants Bush Stadium and St. Louis Cardinals promulgated these policies and procedures, and made these representations, in such a manner as to manifest its willingness to enter into a bargain with its employees, including Miss McCullom.

29. Miss McCullom assented to Bush Stadium's and St. Louis Cardinal's offer regarding the employment policies and procedures by accepting employment and via oral representations in such a way as to conclude the bargain.

30. Miss McCullom's initials and/or continued employment with Defendant Bush Stadium and St. Louis Cardinals constituted acceptance of and consideration for Defendant's offer.

31. Defendants breached its contract with Miss McCullom by failing to follow its own practices, policies and procedures with regard to the terms and conditions of Plaintiff's employment as set forth herein.

32. As set forth herein, Defendants intentionally, willfully and maliciously breached its contract with Plaintiff.

33. Moreover, Defendants Bush Stadium and St. Louis Cardinals expected or should have reasonably expected Miss McCullom to rely on the aforementioned policies and procedures as a commitment by Defendants to follow and abide by them./

**EXHIBIT A**

34.  At all relevant times, Miss McCullom understood and reasonably relied on the aforementioned policies and procedures to her detriment and harm.

35.  Miss McCullom was not terminated for cause in that Defendants did not properly determine whether or not there was cause.

36.  Substantial injustice can only be avoided by enforcing the promises made by Defendants to Plaintiff.

37.  Defendants Busch Stadium and St. Louis Cardinals, breach of contract was a direct and proximate cause of the injuries, damages and harm suffered by Miss McCullom and as set forth herein.

38.  Defendants' conduct was willful and wanton, and Miss McCullom is entitled to punitive/ exemplary  damages in addition to compensatory  damages and other remedies available under the common law.

## THIRD CAUSE OF ACTION

**Defendants Ball and Drier Individually and in Their Capacity As Supervisors-**

**Negligence**

39. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

40.  Defendants Bush Stadium and St. Louis Cardinals, LLC owed and continues to owe a duty of care to third parties and more particularly to their employees such as Miss McCullom, to prevent their employees from acting in any way to harm co-employees.

41.  Defendants had a further duty to ensure that complaints by plaintiff of racial discrimination were properly handled, impartially and in a nondiscriminatory manner.

**EXHIBIT A**

Electronically Filed - City of St. Louis - April 30, 2014 - 08:33 PM

42. Defendants Bush and St. Louis Cardinals LLC breached its duty of care owed to Miss McCullom by and through the following acts and/or omissions, which include but are not limited to:

a. Failing to properly and adequately train its managerial employees, including defendant Ball, to properly respond to complaints of discrimination;

b. Failing to properly and adequately train its managerial employees, including defendant Drier, to prohibit discriminatory employment practices, including discrimination based on race.

c. Failing to carefully and diligently supervise its employees, including defendant Ball, to prevent them from improperly handling complaints of discrimination and or conducting the investigation in a non-discriminatory manner;

d. Failing to implement and/or take appropriate remedial action once he knew or should have known that its employees were mishandling complaints of discrimination.

e. Failing to conduct a reasonable, proper and appropriate investigation.

f. Failing to abide by its own express and implied employment policies and procedures

g. Failing to exercise reasonable care under the circumstance.

43. The above-named Defendants' conduct was a direct and proximate cause of the injuries, damages and harm suffered by Plaintiff McCullom.

44. Because the Defendants' conduct toward Miss McCullom was improperly motivated, and was intentional, willful and wanton, Miss McCullom is entitled to punitive exemplary damages in addition to compensatory damages.

## FOURTH CAUSE OF ACTION

**All Defendants-Intentional Infliction of Emotional Distress**

**EXHIBIT A**

Electronically Filed - City of St. Louis - April 30, 2014 - 08:33 PM

45. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the complaint as though set forth at length herein.

46. As set forth herein, during her employment with Defendants, Miss McCullom was subjected to a pattern of discrimination and misconduct in the workplace based, in whole or in part, on race.

47. At all relevant times, the above named Defendants knew or should have known that Defendant Drier's accusations were either baseless or utterly false.  Despite said knowledge, Defendants ignored the evidence and continued to penalize Miss McCullom.

48. Despite actual and constructive knowledge that the accusations were unfounded, Miss McCullom was written-up, and disciplined for alleged infractions of company policy, and was terminated from her employment.

49. The Defendants acted intentionally, recklessly and/or with deliberate indifference to a substantial probability that severe emotional distress would result to Miss McCullom.

50. The Defendants' actions towards Miss McCullom as set forth above, are evidence of a pattern of race discrimination which further constitutes extreme and outrageous conduct.

51. Such conduct was done in a willful and wanton manner, and constituted a disregard for the rights and well-being of Miss McCullom.

52. As a direct and proximate result of the above named defendants extreme and outrageous conduct, Miss McCullom suffered severe emotional distress.

53. Because the Defendants' conduct was: extreme, outrageous, improperly motivated, intentional, willful and wanton,  toward the plaintiff, she is entitled to punitive/exemplary damages in addition to compensatory damages.

## DAMAGES

**EXHIBIT A**

54. The conduct of the above-named defendants, as set forth herein , in violating Miss McCullom's rights under TitleVII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 200e seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; and the common law of Missouri, caused injuries, damages and harm to Miss McCullom, including, but not limited to, past and future economic loss, past andf fitre non-economic losses, including extreme emotional distress, loss of repitation, shame , humiliation, inconvenience, mental agiish, impairment in the quality of life, and consequential losses.

Wherefore, Plaintiff, Miss Charde McCullom seeks a judgment and damages against Defendants, the Bush Stadium, St. Louis Cardinals,LLC., Mike Ball and JoAnn Drier, jointly, severally and/or individually, as follows:

A. A declaratory judgment that Defendants have violated Miss McCullom's right to be free from discrimination in the workplace.

B. Enter an injunction ordering Defendants Bush and or St. Louis Cardinals to make Plaintiff whole with full back pay, benefits and reinstatement to a position Miss McCullom would have obtained in the absence of discrimination or, in the alternative, front pay.

C. An award for Plaintiff for compensatory damages in amount to be shown at trial for past and future non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loss.

D. An award to Miss McCullom for exemplary and or punitive damages in an amount to be shown at trial;

**EXHIBIT A**

Electronically Filed - City of St. Louis - April 30, 2014 - 08:33 PM

E.  An award for reasonable attorney's fees and costs, as provided by state law and provided in Title VII of the Civil Rights Act of 1964.

F.  An award to Miss McCullom of interest on any awards at the highest rate allowed by law;

G.  Such other relief this Court Deems just and proper.

/s/Celestine Dotson
celestine Dotson 50633
Law Office of Celestine Dotson
300 North Tucker Suite    #301
Saint Louis, Missouri    63101
314.454.6543
314.241.4943 facsimile
celestine-dotson@sbcglobal.net

**EXHIBIT A**